## THE TABOR.

(District Court, E. D. New York. July 20, 1921.)

Shipping ☞123—Damage to sugar cargo held due to improper dunnage.

Damage to the lower and outside tiers of bags of sugar from moisture *held* due to unseaworthiness of the ship, caused by failure to supply proper dunnage.

In Admiralty. Suit by the Warner Sugar Refining Company against the steamship Tabor. Decree for libelant.

Harrington, Bigham & Englar, of New York City (R. H. Loughran, of New York City, of counsel), for libelant.

Haight, Sandford, Smith & Griffin, of New York City (H. M. Hewitt, of New York City, of counsel), for claimant.

CHATFIELD, District Judge. The libelant seeks to recover for damage to sugar in bags which, according to the testimony, were a part of the lower tier, and in the wings or at the sides of the cargo hold upon the steamer Tabor, on a voyage from Cuba to the United States. The entire cargo stowed consisted of 8,000 bags of centrifugal sugar, marked "Cupey." The bill of lading showed that it was received in apparent good order and condition. At New York 278 bags were found to have lost part of their contents, with the sugar on the lower side of these bags in a more or less syrupy condition, and with stains upon the bags upon the lower or flat side, which according to the witnesses called by the libelant·showed definitely the presence of moisture.

The vessel encountered no unduly severe weather. There is nothing in the case to show a bad condition before the sugar was placed upon the vessel, and the only evidence of negligence—that is, of unseaworthiness—is the testimony of one of the witnesses for the libelant that the dunnage or board casing under the cargo of sugar was thin and the boards themselves wet at the time the vessel reached New York.

Under section 3 of the Harter Act (Comp. St. § 8031) the vessel would not be liable on the bill of lading unless unseaworthiness be shown by improper stowage, due to lack of a supply of proper dunnage, and to the fault of the stevedores in placing the same. The claimant has presented no evidence contradicting this charge of unseaworthiness. No leakage was observed, and upon the record shown the damage must be attributed to the poor character of the dunnage.

The claimant upon the trial attacked the sufficiency of identification of the samples examined by the witnesses, and particularly opposed the contention that the loss of the sugar, in the form of syrup, was due to moisture. The libelant did not identify the samples, but proved that in centrifugal sugar, like this cargo, ordinary pressure from the upper tiers will not reduce the sugar in the lower bags to the form of molasses.

The carrier has not shown that the damage was caused by any one of the possible conditions excepted under the bill of lading.

The libelant may have a decree.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes